UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
NATIONAL NETWORK OF ACCOUNTANTS
INVESTMENT ADVISORS, INC. and
WALTER PRIMOFF, CPA,

                     Plaintiffs,

      -against-

JAMES R. GRAY, personal representative of the
ESTATE OF HAZEL E. GRAY,

                     Defendant.
----------------------------------------------------------X

**MEMORANDUM OF
DECISION AND ORDER**
09-cv-5198 (ADS)(ETB)

**APPEARANCES:**

**Stanley S. Zinner, P.C.**
*Attorneys for the Plaintiffs*
58 South Service Road
Suite 410
Melville, NY 11747
      By:    Stanley S. Zinner, Esq., Of Counsel

**Sparer Law Group**
*Attorneys for the Defendant*
100 Pine Street, 33rd Floor
San Francisco, CA 94111
      By:    Alan W. Sparer, Esq.,
              Marc Cooper Haber, Esq., Of Counsel

**Schlam Stone & Dolan, LLP**
*Attorneys for the Defendants*
26 Broadway, 19th Floor
New York, NY 10004
      By:    Bennette Deacy Kramer, Esq., Of Counsel


**SPATT, District Judge.**

      Plaintiffs National Network of Accountants Investment Advisors, Inc.

("NNAIA") and Walter Primoff brought this action to compel the defendant, James R.

Gray, as personal representative for the Estate of Hazel E. Gray, to arbitrate in New York State. For the reasons set forth below, the Court denies the plaintiff's motion.

## I. INTRODUCTION

Hazel E. Gray, now deceased, was a Wyoming resident who inherited approximately five million dollars in 2007. On January 27, 2007, Ms. Gray contracted with the plaintiff NNAIA, through its representative, plaintiff Walter Primoff, to have NNAIA provide her with financial planning services in connection with her investment of these funds. NNAIA and Primoff are based in New York, and the contract between Ms. Gray and NNAIA was executed in Wyoming. The contract Ms. Gray signed with NNAIA is a form contract prepared by NNAIA, and provides in pertinent part:

> It is agreed that any controversy between NNAIA and [Ms. Gray] arising out of NNAIA business or this Agreement shall be submitted to arbitration conducted pursuant to the code of arbitration procedure of a recognized alternative dispute resolution organization selected by [Ms. Gray].

(Aff. of Walter Primoff, Ex. A, ¶ 14.)

Ms. Gray died in 2009 from natural causes. On November 9, 2009, James Gray, as representative of Ms. Gray's estate, filed an arbitration claim against NNAIA and Primoff, alleging that NNAIA and Primoff mismanaged Ms. Gray's investment account and caused her to lose approximately one and a half million dollars. Pursuant to the terms of the contract between Ms. Gray and NNAIA, Mr. Gray named ADR Services, Inc. ("ADR"), an arbitration service based in California, to arbitrate the dispute. ADR's offices are exclusively in California and Nevada, though it claims to provide alternative dispute resolution "throughout the country." (Decl. of Marc Haber, Ex. G.)

At the same time that he filed his arbitration claim on November 9, 2009, Mr. Gray requested that the arbitration be held in San Francisco, California, pursuant to ADR's arbitration rules. These rules provide in pertinent part:

> 9. Fixing of Locale
>
> The parties should mutually agree on the locale where the arbitration is to be held. If any party requests that the hearing be held in a specific locale and the other party files no objection thereto within 15 days after notice of the request has been sent to it by ADR Services, the locale shall be the one requested. If a party promptly objects to the locale requested by the other party, ADR Services shall have the power to determine the locale, and its decision shall be final and binding.

(Decl. of Marc Haber, Ex.F.)

The plaintiffs object to the arbitration being held in California, but they did not file an objection to this effect with ADR. Rather, they filed the present suit on November 30, 2009, more than fifteen days after Mr. Gray requested San Francisco as the arbitration venue. The plaintiffs argue that California is an inappropriate venue for arbitration because it has no connection with the facts of the case, and several important witnesses are located in New York. The plaintiffs urge that, notwithstanding the agreement between Gray and NNAIA, the proper venue for arbitration is New York State. The defendant opposes the plaintiffs' motion, and asserts that the venue for the arbitration should properly be decided by ADR. The defendant further maintains that ADR has not yet set a location for the hearing, even in light of the fact that the plaintiffs did not object to San Francisco as the venue within the fifteen day objection period.

## II. DISCUSSION

The plaintiffs move to compel arbitration pursuant to 9 U.S.C. § 4, which provides in pertinent part:

3

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

The plaintiffs maintain that the defendant should be compelled to arbitrate in the forum with the strongest connection to the operative facts of the case and where the "key witnesses" are. According to the plaintiffs, that forum is New York. The defendant does not address whether New York is the appropriate venue for arbitration, but rather asserts that the arbitrator, not this Court, should determine the venue of the proceeding.

The Court finds Matter of Arbitration Between U.S. Lines, Inc. and Liverpool and London S.S. Protection, 833 F.Supp. 350, 353, (S.D.N.Y. 1993) to be very helpful with regard to this dispute. In that case, the court considered a contract in which the parties agreed to arbitrate any "difference or dispute . . . touching any loss, claim, or contribution", but in which the parties did not name a venue for the arbitration. Nevertheless, the Liverpool court held that the agreement to arbitrate all "difference[s] and dispute[s]" encompassed an agreement to arbitrate the venue for the proceeding. The parties therefore were directed to defer to the arbitrator to determine the appropriate venue.

The Court finds the court's reasoning in Liverpool to be compelling. Here, the parties agreed to arbitrate "any controversy" between the parties "arising out of NNAIA business or [the parties' contract]." In the Court's view, the parties thus agreed to arbitrate any controversy concerning the venue for adjudicating further disputes. To be sure, Liverpool is distinguishable in that the parties there had explicitly agreed on an

arbitrator, and here, the defendants had sole authority to select the arbitrator. However, this is not a material difference. The plaintiffs cannot reasonably claim that they were unaware that the defendant could choose an arbitrator based somewhere other than New York, or that the defendant would request proceedings outside New York. This is particularly true in light of the fact that the plaintiffs were the sole drafters of the contract, and that they included no geographical limitation on the chosen arbitrator. See Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, 62, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995) (noting the "common-law rule of contract interpretation that a court should construe ambiguous language against the interest of the party that drafted it"). Moreover, there is no reason to believe that ADR would fail to decide the venue issue fairly and hold the arbitration where appropriate.

Nevertheless, the plaintiffs argue that the defendant is seeking to use the arbitration agreement as a venue agreement, and that this venue agreement cannot be enforced. According to the plaintiffs, they did not "receive reasonable notice" that they could be compelled to arbitrate in California, and the defendant's choice of California as a forum was the result of "overreaching". They therefore conclude that it is improper to allow the arbitration to proceed in California.

It is not clear that contract law with regard to a forum selection clause controls in this situation. However, even if the Court did apply this law, there is no evidence of lack of notice or overreaching. The defendant had no power to negotiate the present contract, but rather signed a pre-printed contract prepared by the plaintiffs. Therefore, the defendant cannot be said to have overreached in either the drafting of the contract itself or in the naming of an arbitrator pursuant to the express terms of the contract.

5

Also, the plaintiffs certainly were on notice that an arbitrator could be chosen anywhere in the United States.

Therefore, the Court denies the plaintiffs' motion to compel arbitration in its entirety. In addition, since there is no complaint or other pending business before the Court in this matter, the Court directs the Clerk of the Court to mark this case closed.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiffs' motion to compel arbitration is DENIED; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
January 28, 2010

                                                 ___/s/ Arthur D. Spatt_____
                                                           ARTHUR D. SPATT
                                                     United States District Judge